UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ELIZABETH ARIAS                                          CIVIL ACTION

VERSUS                                                   NO. 06-7953

AMERICAN NATIONAL PROPERTY
& CASUALTY COMPANY                                       SECTION "N" (1)

## ORDER AND REASONS

Before the Court is the Motion to Remand (Rec. Doc. No. 7) filed by Plaintiff, Elizabeth

Arias. This matter was removed from the 24th Judicial District Court for the Parish of Jefferson,

State of Louisiana, by Defendant American National Property & Casualty Company ("ANPAC")

on October 12, 2006. ANPAC opposes Plaintiff's motion. Oral argument was heard on Plaintiff's

motion on January 17, 2007.

After reviewing the submissions of the parties, arguments offered during oral argument, and

the pertinent law, the Court finds that remand is appropriate. Accordingly, for the reasons stated

herein, Plaintiff's motion is **GRANTED**, and this matter is **REMANDED** to the 24th Judicial

District Court for the Parish of Jefferson, State of Louisiana.

## I. BACKGROUND

Plaintiff is the owner of a residence located at 852 Old Metairie Place, Metairie, Louisiana.

Plaintiff purchased a homeowner's insurance policy issued by ANPAC[1] through Robert Aucoin

Insurance Agency. After Hurricane Katrina damaged Plaintiff's property, she made a claim for

---

[1] As will be discussed herein, the declaration page of Plaintiff's homeowner's policy lists her
homeowner's insurer as "ANPAC Louisiana Insurance Company," whom Plaintiff mistakenly named as
"ANPAC" in the petition. For purposes of this portion of the opinion and unless otherwise indicated, the
Court uses the term "ANPAC" to refer to Plaintiff's homeowner's insurer, not her flood insurer.

coverage of her loss with ANPAC.  On August 28, 2006, Plaintiff filed this action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against ANPAC, Robert Aucoin Insurance Agency, Bertucci Roofing & Siding, and John Langoff General Contractor, LLC.[2]

As to Defendant ANPAC, Plaintiff alleges that the insurance policy contains endorsements and/or other provisions which provide coverage for all hurricane related damage but that ANPAC has refused to pay for all of the damage to Plaintiff's property.  Plaintiff seeks damages for breach of contract, intentional infliction of emotional distress, and bad faith claims adjusting.  Plaintiff further seeks a declaratory judgment stating that the homeowner's policy applies to all losses sustained by Plaintiff as a result of Hurricane Katrina and that any exclusions which purport to deny coverage under the policy are null and void.

As to Defendant Robert Aucoin Insurance Agency, Plaintiff claims that in selling insurance to Plaintiff, the agency committed various errors and omissions, including:  (1) negligent failure to procure the requested and necessary flood insurance coverage for Plaintiff's property; (2) failing to advise Plaintiff of the inadequacy of her flood coverage and that damages caused by a hurricane may not be covered under her chosen policy; and (3) failing to advise Plaintiff of her option of purchasing excess flood insurance. (Petition ¶¶ XVII and XVIII).  Plaintiff also alleges breach of contract and breach of a duty of good faith and fair dealing.

On October 12, 2006, ANPAC removed the matter to this Court, contending that jurisdiction exists pursuant to 42 U.S.C. § 4072 of the National Flood Insurance Act and under 28 U.S.C. §

---

[2]  As to Defendants Bertucci Roofing & Siding and John Langoff General Contractor, LLC, Plaintiff seeks a declaratory judgment that contractor fees and/or estimates are reasonable, justified, and necessary and that such repairs are covered by the contract of insurance.  Alternatively, Plaintiff seeks a declaratory judgment that such bills and fees were unreasonable and requests a refund of such monies.

1331. Plaintiff has moved to remand, contending that subject matter jurisdiction does not exist because her claims do not arise under federal law.

## II.  LAW AND ANALYSIS

### A.  Legal Standard

#### 1.  Removal

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).      In removal actions, the removing party bears the burden of establishing the existence of federal jurisdiction.  *See De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir.1995).   In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir.2002).   Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.  *Id.*, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C.  §  1447 (c).

#### 2.  Federal Question Jurisdiction

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint."  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir.2001).  This means that the

federal question must appear on the face of the complaint.  *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir.1997).  Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow*, 478 U.S. at 808.  "The fact that a federal defense may be raised to the plaintiff's action ... will not suffice to create federal question jurisdiction." *Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir.1989), *citing Franchise Tax Bd.*, 463 U.S. at 12.  Thus, the general rule provides that a federal defense to a state law claim does not create removal jurisdiction.

## B.  Discussion

The National Flood Insurance Program ("NFIP") provides coverage for flood losses excluded by commercially-written property insurance policies.  Homeowners purchase NFIP flood insurance directly from the Federal Emergency Management Agency ("FEMA") or, more commonly, through private insurers, known as "Write Your Own" or "WYO" carriers.  By FEMA regulation, all policies issued under the NFIP use the terms and conditions of the Standard Flood Insurance Policy ("SFIP"), itself a federal regulation.  The participation of WYO companies in the NFIP is subject to FEMA regulations and the terms of an "Arrangement" with FEMA.  The National Flood Insurance Act ("NFIA") grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their SFIP.  28 U.S.C. § 4072.  Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own program.  *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir.2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 532-36 (E.D.La. 2006).

ANPAC asserts that federal jurisdiction is proper because "the Plaintiff's Petition includes a claim for further federal benefits under the National Flood Insurance Program" and because the petition "asserts a claim for relief arising out of how that claim for additional benefits was handled by ANPAC." (Opposition p.3). However, the Court finds that the only reasonable reading of Plaintiff's petition is that Plaintiff's tort claims are for improper handling of her homeowner's policy, not her flood policy. First, Plaintiff did not specify any information about her flood policy except in the section of the petition dealing with her procurement claim.[3] She does not even specifically allege that ANPAC was her flood insurer.[4] Plaintiff speaks of only one insurance policy in her petition. (Petition ¶¶ XI, XIII, XV). In referring to this policy, Plaintiff states that it contains a hurricane endorsement deductible.[5] It is common knowledge among insurance companies and homeowners residing in coastal states that hurricane endorsement deductibles are percentage deductibles for hurricane damage added to *homeowner's* policies, not flood insurance policies. Furthermore, Plaintiff cites a resolution by the Louisiana House of Representatives that asks the attorney general to seek a declaratory judgment that provisions of *homeowner's* insurance policies excluding coverage for damage sustained as a result of wind, hail, and hurricanes are invalid.[6] In

---

[3] The courts of this district have uniformly concluded that claims relating to the procurement of flood policies do not give rise to federal jurisdiction under the NFIA. *Seruntine v. State Farm Fire & Cas. Co.*, 444 F.Supp.2d 698, 701 (E.D.La. 2006).

[4] At oral argument, counsel for ANPAC presented the Court with Plaintiff's homeowner's policy declaration page, which indicates that the proper name of Plaintiff's homeowner's insurer was not American National Property & Casualty Company as stated in the petition, but rather ANPAC Louisiana Insurance Company. Counsel for ANPAC submitted that Plaintiff sued her flood insurance carrier rather than her homeowner's insurance carrier.

[5] Plaintiff alleges that the "insurance policy ... contains endorsements and/or other provisions which provide coverage for all hurricane related damage." (Petition ¶ XI).

[6] Paragraph XV of Plaintiff's petition reads in full:

5

the same paragraph, immediately following citation to the Louisiana House of Representatives resolution, Plaintiff sets forth her request for declaratory judgment.  Plaintiff also makes general allegations against ANPAC for breach of its duty to act in good faith, breach of contract, and various breaches of its duty to manage the adjustment process.  Plaintiff does not refer to her flood policy in any of these allegations.  The above facts merit a finding that Plaintiff's claims for declaratory judgment, breach of contract, intentional infliction of emotional distress, and bad faith claims adjusting all pertain to her homeowner's policy, not her flood insurance policy.

It was brought to the Court's attention at oral argument that Plaintiff's homeowner's policy declaration page lists ANPAC Louisiana Insurance Company, not American National Property and

---

As the Louisiana legislature has recognized in enacting House Concurrent Resolution No. 58 of the 2005 First Extraordinary Session:

> (Louisiana citizens affected by Hurricane Katrina) can not begin to return home to rebuild their destroyed businesses and homes because insurance companies are contesting the validity of the *homeowners'* insurance policies and stalling or refusing to pay claims; and WHEREAS, this delay or refusal to pay is detrimental to the citizens of Louisiana and is causing delays in the recovery process. THEREFORE, BE IT RESOLVED that the Legislature of Louisiana does hereby urge and request the attorney general, state of Louisiana, the Honorable Charles C. Foti, to file suit seeking declaratory judgment that provisions of *homeowners'* insurance policies excluding coverage for damage sustained as a result of wind, hail, and hurricanes are null and void as against the public policy of the state of Louisiana.

Accordingly, plaintiffs are entitled to a declaratory judgment that the insurance policy at issue in this case applies to all losses sustained by plaintiffs as a result of Hurricane Katrina and that any exclusions which purport to deny coverage under the policy are null and void.

Petition ¶ XV. (emphasis added).

6

Casualty Company (ANPAC)[7], as Plaintiff's homeowner's carrier.  Defense counsel informed the Court that the entity named as defendant, American National Property and Casualty Company (ANPAC), is actually Plaintiff's flood insurer.  The Court finds that Plaintiff's naming "ANPAC" rather than "ANPAC Louisiana Insurance Company" as defendant  was a mere misnomer.[8]  This Court declines to find that a mere misnomer is sufficient to invoke federal jurisdiction.  Based on the representations of counsel both in the briefs and at oral argument, the Court finds that Plaintiff intended to name her homeowner's insurer as defendant.  Upon remand, Plaintiff may move to amend her pleadings to correct this misnomer.[9]  Of course, this remand is without prejudice to Defendant's right to subsequently remove the case, if otherwise appropriate, should the proper

---

[7]

  American National Property and Casualty Company (ANPAC) is a property and casualty insurance company with its home office located in Springfield, Missouri, and is a subsidiary of American National Insurance Company (ANICO) of Galveston, Texas.  *See* http://www.anpac.com/about/default.aspx.

  [8]  In making this determination, the Court notes that counsel for the Plaintiff stated that he was unaware that the proper name of Plaintiff's homeowner's insurer was "ANPAC Louisiana Insurance Company" rather than simply "ANPAC."  Furthermore, as stated above, the only reasonable reading of Plaintiff's petition indicates that Plaintiff's claims are based on her homeowner's policy, not her flood policy. Additionally, both ANPAC Louisiana Insurance Company and ANPAC are members of the American Nation family of companies.  *See* http://www.anico.com/aff_companies.dhtml.  Finally, in pleadings filed by ANPAC Louisiana Insurance Company in various other cases in this Court, the Company often refers to itself as "ANPAC," which is also the name that the flood insurer commonly goes by.  *See* http://www.anpac.com/about/default.aspx.  As such, the Court finds that Plaintiff's mistake in referring to her homeowner's insurer as "ANPAC" was reasonable.

  [9]  Under Fifth Circuit jurisprudence, parties may correct a misnomer in pleadings by substituting the correct legal name of a party for its trade or assumed name, particularly where the party served uses the trade or assumed name or has otherwise contributed to the error.  *Montalvo v. Tower Life Building*, 426 F.2d 1135 (5th Cir.1970).  In *Montalvo*, the court allowed an amendment of the complaint to reflect Tower Life Insurance Company's correct legal name, noting that the company had operated under the trade name, both with the public and the plaintiffs.  *Id.* at 1137, 1147.  *See also Hendrix v. Memorial Hospital of Galveston County*, 776 F.2d 1255, 1257-58 (5th Cir.1985) (allowing amendment from "Memorial Hospital of Galveston County Auxiliary" to "Memorial Hospital of Galveston County" where true defendant was not prejudiced and knew or should have known that but for plaintiffs' mistake, it would have been named originally).  Even where the party has not contributed to the misnomer, the Fifth Circuit has allowed the correction of a misnomer.  *See Grandey v. Pacific Indemnity Company*, 217 F.2d 27, 29 (5th Cir.1954).

amendments not be made at the state court level and pursuit of this named defendant persists on grounds over which federal jurisdiction exists.

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Plaintiff's Motion to Remand is hereby **GRANTED** and this action is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this  22nd  day of February, 2007.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**